FILED
CLERK, U.S. DISTRICT COURT
5/26/2021
CENTRAL DISTRICT OF CALIFORNIA
BY: ___eva___ DEPUTY

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

April 2021 Grand Jury

| UNITED STATES OF AMERICA, | No. 8:21-cr-00100-MWF |
|---|---|
| Plaintiff, | I N D I C T M E N T |
| v. | [21 U.S.C. §§ 841(a)(1), (b)(1)(A)(viii): Possession with Intent to Distribute Methamphetamine; 18 U.S.C. § 924(c)(1)(A)(i): Possession of a Firearm in Furtherance of a Drug Trafficking Crime; 18 U.S.C. § 922(g)(1): Felon in Possession of a Firearm and Ammunition; 21 U.S.C. § 853, 18 U.S.C. § 924(d)(1), 28 U.S.C. § 2461(c), 18 U.S.C. § 982: Criminal Forfeiture] |
| VICTOR RAUL GUTIERREZ, | |
| Defendant. | |

The Grand Jury charges:

COUNT ONE

[21 U.S.C. §§ 841(a)(1), (b)(1)(A)(viii)]

On or about February 28, 2020, in Orange County, within the Central District of California, defendant VICTOR RAUL GUTIERREZ knowingly and intentionally possessed with intent to distribute at least 50 grams, that is, approximately 276.6 grams, of methamphetamine, a Schedule II controlled substance.

COUNT TWO

[18 U.S.C. § 924(c)(1)(A)(i)]

On or about February 28, 2020, in Orange County, within the Central District of California, defendant VICTOR RAUL GUTIERREZ knowingly possessed a firearm, namely, a Hi-Standard Sentinel .22 caliber revolver, with serial number removed, in furtherance of a drug trafficking crime, namely, possession with intent to distribute a controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1), (b)(1)(A)(viii), as charged in Count One of this Indictment.

COUNT THREE

[18 U.S.C. § 922(g)(1)]

On or about February 28, 2020, in Orange County, within the Central District of California, defendant VICTOR RAUL GUTIERREZ knowingly possessed a firearm, namely, a Hi-Standard Sentinel .22 caliber revolver, with serial number removed, and ammunition, namely, 17 rounds of Remington .22 caliber ammunition, each in and affecting interstate and foreign commerce.

Defendant GUTIERREZ possessed such firearm and ammunition knowing that he had previously been convicted of at least one of the following felony crimes, each punishable by a term of imprisonment exceeding one year:

1. Possession for Sale of a Controlled Substance, in violation of California Health and Safety Code Section 11378; Possession of Firearm by Felon, in violation of California Penal Code Section 29800(a)(1); Possession of Ammunition by Prohibited Person, in violation of California Penal Code Section 30305(a)(1); and Access Card Counterfeiting, in violation of California Penal Code Section 484i(c), in the Superior Court of the State of California, County of Orange, case number 18NF2262, on or about August 23, 2018;

2. Accessory After the Fact, in violation of California Penal Code Section 32, in the Superior Court of the State of California, County of Los Angeles, case number BA420182, on or about March 25, 2014;

3. Possession for Sale of a Controlled Substance, in violation of California Health and Safety Code Section 11378; and Resisting Executive Officer, in violation of California Penal Code Section 69,

in the Superior Court of the State of California, County of Los Angeles, case number VA118983, on or about March 21, 2011;

    4.    Transportation of a Controlled Substance, in violation of California Health and Safety Code Section 11379; and Short Barreled Shotgun or Rifle Activity, in violation of California Penal Code Section 12020(a)(1), in the Superior Court of the State of California, County of Los Angeles, case number VA104281, on or about April 2, 2008;

    5.    Possession for Sale of a Controlled Substance, in violation of California Health and Safety Code Section 11378, in the Superior Court of the State of California, County of Los Angeles, case number VA093459, on or about April 14, 2006;

    6.    Possession of Firearm with Prior Conviction, in violation of California Penal Code Section 12021.1; and Evading an Officer, Willful Disregard, in violation of California Vehicle Code Section 2800.2(a), in the Superior Court of the State of California, County of Los Angeles, case number VA079892, on or about December 17, 2003; and

    7.    Receiving Stolen Property, in violation of California Penal Code Section 496(a), in the Superior Court of the State of California, County of Los Angeles, case number VA065142, on or about November 9, 2001.

FORFEITURE ALLEGATION ONE

[21 U.S.C. § 853; 18 U.S.C. § 924; 28 U.S.C. § 2461(c)]

1. Pursuant to Rule 32.2(a) of the Federal Rules of Criminal Procedure, notice is hereby given that the United States of America will seek forfeiture as part of any sentence, pursuant to Title 21, United States Code, Section 853, Title 18, United States Code, Section 924, and Title 28, United States Code, Section 2461(c), in the event of the defendant's conviction of the offense set forth in Count One of this Indictment.

2. The defendant, if so convicted, shall forfeit to the United States of America the following:

(a) All right, title, and interest in any and all property, real or personal, used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, such offense;

(b) All right, title, and interest in any firearm or ammunition involved in or used in such offense, including but not limited to the following:

i. One Hi-Standard Sentinel .22 caliber revolver, with serial number removed; and

ii. 17 rounds of Remington .22 caliber ammunition;

(c) To the extent such property is not available for forfeiture, a sum of money equal to the total value of the property described in subparagraphs (a) and (b).

3. Pursuant to Title 21, United States Code, Section 853(p), the defendant, if so convicted, shall forfeit substitute property if, by any act or omission of the defendant, the property described in the preceding paragraph, or any portion thereof: (a) cannot be

5

located upon the exercise of due diligence; (b) has been transferred, sold to, or deposited with a third party; (c) has been placed beyond the jurisdiction of the court; (d) has been substantially diminished in value; or (e) has been commingled with other property that cannot be divided without difficulty.

FORFEITURE ALLEGATION TWO

[18 U.S.C. § 924(d)(1) and 28 U.S.C. § 2461(c)]

1. Pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure, notice is hereby given that the United States of America will seek forfeiture as part of any sentence, pursuant to Title 18, United States Code, Section 924(d)(1), and Title 28, United States Code, Section 2461(c), in the event of the defendant's conviction of the offenses set forth in either of Counts Two or Three of this Indictment.

2. The defendant, if so convicted, shall forfeit to the United States of America the following:

(a) All right, title, and interest in any firearm or ammunition involved in or used in such offense, including but not limited to the following:

  i. One Hi-Standard Sentinel .22 caliber revolver, with serial number removed; and

  ii. 17 rounds of Remington .22 caliber ammunition;

(b) To the extent such property is not available for forfeiture, a sum of money equal to the total value of the property described in subparagraph (a).

3. Pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c), the defendants, if so convicted, shall forfeit substitute property, up to the value of the property described in the preceding paragraph if, as the result of any act or omission of the defendants, the property described in the preceding paragraph or any portion thereof:
(a) cannot be located upon the exercise of due diligence; (b) has been transferred or sold to, or deposited with, a third party;

7

(c) has been placed beyond the jurisdiction of the court; (d) has been substantially diminished in value; or (e) has been commingled with other property that cannot be divided without difficulty.

A TRUE BILL

/S/
Foreperson

TRACY L. WILKISON
Acting United States Attorney

*Scott M. Garringer*
*Deputy Chief, Criminal Division For:*

BRANDON D. FOX
Assistant United States Attorney
Chief, Criminal Division

BENJAMIN R. BARRON
Assistant United States Attorney
Chief, Santa Ana Branch Office

DANIEL H. AHN
Assistant United States Attorney
Deputy Chief, Santa Ana Branch Office

ANDREW BESHAI
Assistant United States Attorney
Santa Ana Branch Office